

DA 12-0162

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2012 MT 313

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

LESLIE JON CLAASSEN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 04-031
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Wade Zolynski, Chief Appellate Defender; Eileen A. Larkin, Assistant Appellate Defender, Helena, Montana

        For Appellee:

            Steve Bullock, Montana Attorney General; Tammy A. Hinderman, Assistant Attorney General, Helena, Montana

            Gina Dahl, Hill County Attorney, Havre, Montana

Submitted on Briefs:  October 24, 2012

Decided:  December 27, 2012

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Leslie Jon Claassen (Claassen) appeals from the judgment of the Twelfth Judicial District Court, Hill County, revoking his suspended sentence for sexual abuse of children and imposing a two-year commitment to the Department of Corrections (DOC) to run consecutively to his federal sentence.  The court also ordered that Claassen be designated a Level 3 sexual offender.  We affirm.

## ISSUE

¶2      Claassen raises the following issue on appeal:

¶3      *Did the District Court err by elevating Claassen's sexual offender level designation from Level 1 to Level 3 upon revocation?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4      On March 25, 2004, the State charged Claassen by Information with one count of Sexual Abuse of Children, a felony, in violation of § 45-5-625(1)(e), MCA.  Claassen pled guilty to the charge on April 8, 2005, pursuant to a plea agreement with the State. Prior to sentencing, the District Court ordered the completion of a psychosexual evaluation and a presentence investigation report (PSI).

¶5      Dr. Michael Scolatti completed the psychosexual evaluation of Claassen.  Dr. Scolatti determined that Claassen was a Level 1 sexual offender with a low risk to re-offend.  The PSI offered several treatment recommendations, and indicated that Claassen was an appropriate candidate for outpatient sexual offender treatment.

¶6      Probation and Parole Officer Heather Ostwalt compiled Claassen's PSI, and concluded that the plea agreement's recommendation of a seven-year sentence to the

2

DOC, with two years suspended, was an appropriate sentence. Among the many conditions she recommended for the period of community supervision was the requirement that Claassen follow all of the recommendations of Dr. Scolatti's evaluation, engage in sexual offender treatment, and refrain from using or possessing pornography.

¶7 At the sentencing hearing, the District Court sentenced Claassen to the DOC for a period of seven years, with two years suspended upon several terms and conditions. One of these conditions required that Claassen "not use or possess any pornography, erotica, x-rated videos, adult books or magazines . . . ." During the oral pronouncement of the sentence on August 30, 2005, the District Court designated Claassen a Level 1 sexual offender in accordance with Scolatti's evaluation and recommendation. The court did not include the level designation in its written judgment.

¶8 Claassen was discharged to serve his two-year suspended sentence in July, 2010. On December 15, 2010, Claassen's probation officers conducted a routine home visit at Claassen's motel room and found Claassen in possession of child pornography. On December 21, 2010, Claassen was terminated from his community-based sexual offender treatment. In the termination letter, Claassen's treatment provider, Dr. Bob Bakko, stated that Claassen was a "danger to supervise and or treat in the community and should be incarcerated." Dr. Bakko recommended that based on the evidence seized on December 15 and Claassen's treatment progress, Claassen should be designated a Level 3 sexual offender. Probation Officer Michelle Downey, who filed the report of violation pertaining to the home visit on December 15, 2010, submitted the letter from Dr. Bakko to the court with her report.

3

¶9   On January 4, 2011, the State petitioned the District Court to revoke Claassen's suspended sentence, alleging, in part, that Claassen violated the no-pornography condition of his sentence. Prior to the District Court's hearings on the matter, the federal government got involved and charged Claassen with receipt of child pornography based on the discovery during the home visit on December 15, 2010. Claassen pled guilty to this charge and was sentenced in December, 2011, to serve a 20-year term in federal prison, which was ordered to run consecutively to any sentence imposed by the State District Court.

¶10   On January 17, 2012, the District Court held an evidentiary hearing at which it found Claassen in violation of the conditions of his sentence. At the disposition hearing held two days later, Officer Downey testified and recommended the court revoke Claassen's suspended sentence. Further, she stated that she agreed with Dr. Bakko's recommendation that Claassen be designated a Level 3 sexual offender.

¶11   At the conclusion of the disposition hearing, the State asked the court to revoke Claassen's suspended sentence and modify his sexual offender level designation, elevating it from Level 1 to Level 3. Claassen responded by arguing, in part, against altering his level designation. Specifically, he stated:

> And the level in terms of the tier level, we simply ask the Court to not to [sic] adjust the tier level that was previously ordered here in Court. Defendant is in federal custody and I imagine they'll make their own decision on what tier he is. He's on their supervision now at this point. And we object to the tier level being modified as there has been an expert who testified regarding the increase in tier level space.[1]

---

[1] Both parties note in their appellate briefs that, in actuality, there was no expert testimony at the hearings. Therefore, as the State contends, the statement in the transcript from the disposition hearing stating that "there has been an expert who testified regarding . . . ." was likely a stenographic or transcription error.

4

¶12 The court revoked Claassen's suspended sentence and committed him to the DOC for a period of two years to run consecutively to his federal sentence. It also ordered, "[b]ased on the report of Dr. Bob Bakko, . . . Defendant is designated a Tier Level III Sex Offender." During the revocation proceedings, the District Court did not order the completion of a new PSI or sexual offender evaluation report.

¶13 Claassen timely appeals.

## STANDARD OF REVIEW

¶14 We review criminal sentences that include at least one year of actual incarceration for legality only, which is generally a review for correctness. *State v. Wilson*, 2011 MT 277, ¶ 18, 362 Mont. 416, 264 P.3d 1146 (citing *State v. Ariegwe*, 2007 MT 204, ¶¶ 174-75, 338 Mont. 442, 167 P.3d 815). As a question of law, we review de novo whether the sentencing court had statutory authority to impose the sentence, the sentence falls within the statutory parameters, and the court adhered to the statutory mandates. *Wilson*, ¶ 18 (citing *Ariegwe*, ¶¶ 174-75).

## DISCUSSION

¶15 *Did the District Court err by elevating Claassen's sexual offender level designation from Level 1 to Level 3 upon revocation?*

¶16 As an initial matter, both parties agree the oral pronouncement of Claassen's 2005 sentence is the valid, final judgment. "[T]he sentence orally pronounced from the bench in the presence of the defendant is the legally effective sentence and valid, final judgment." *State v. Lane*, 1998 MT 76, ¶ 40, 288 Mont. 286, 957 P.2d 9. In situations in which a conflict exists between the oral or written judgments, the oral judgment controls.

5

*State v. Kroll*, 2004 MT 203, ¶ 18, 322 Mont. 294, 95 P.3d 717. Here, when the District Court orally pronounced its sentence for Claassen's 2005 sexual abuse of children conviction, it designated Claassen a Level 1 sexual offender. Although this designation was not incorporated in the court's written order, it was nonetheless still a part of the legally effective and valid judgment. Therefore, the District Court's oral pronouncement designating Claassen a Level 1 sexual offender on August 30, 2005, remained a part of his sentence until the court revoked Claassen's sentence and designated him a Level 3 offender at the disposition hearing on January 19, 2012.

¶17 On appeal, Claassen challenges the District Court's modification of his sexual offender level designation during his revocation. Specifically, Claassen claims the District Court exceeded its statutory authority by elevating him from a Level 1 to a Level 3 without ordering a new PSI and psychosexual evaluation prior to the disposition hearing.

¶18 In response, the State first argues that Claassen's challenge to the District Court's modification of his sexual offender level is not reviewable on appeal because he failed to properly preserve the issue. Although the State acknowledges that Claassen objected to the modification of his tier level before the District Court, it claims the objection was too general to preserve his argument for appeal. Claassen counters that his objection was sufficiently detailed and, moreover, that he is allowed to bolster his preserved issue on appeal.

¶19 In Montana, we generally refuse to consider issues presented for the first time on appeal because it is " 'fundamentally unfair to fault the trial court for failing to rule on an

6

issue it was never given the opportunity to consider.' " *State v. Baze*, 2011 MT 52, ¶ 9, 359 Mont. 411, 251 P.3d 122 (quoting *State v. West*, 2008 MT 338, ¶ 16, 346 Mont. 244, 194 P.3d 683). In order to preserve an objection for appeal, a party must state grounds for the objection that are sufficiently specific. *In re B.I.*, 2009 MT 350, ¶ 16, 353 Mont. 183, 218 P.3d 1235. A general objection to an alleged error is not sufficient. *In re B.I.*, ¶ 16. However, we have held that parties may "bolster their preserved issues with additional legal authority or to make further arguments within the scope of the legal theory articulated to the trial court." *State v. Montgomery*, 2010 MT 193, ¶ 12, 357 Mont. 348, 239 P.3d 929 (citing *Becker v. Rosebud Operating Servs.*, 2008 MT 285, ¶ 18, 345 Mont. 368, 191 P.3d 435 ("While some specific arguments Becker offers on appeal were not offered in the District Court, we cannot conclude that Becker's overall theory or claim has significantly changed.")).

¶20 Here, Claassen objected to the District Court's modification of his tier level during the disposition hearing. The grounds raised in his objection were: 1) that Claassen was in federal custody for his new conviction and subject to a federal determination of his tier level; and 2) that the District Court did not hear any expert testimony regarding an increase in his tier level prior to modifying it. On appeal, the focus of Claassen's argument is that it was not within the District Court's statutory authority to change his tier level because the court did not consider a new PSI and psychosexual evaluation. We determine that Claassen's appeal "does not amount to such a significant change in legal theory that we must decline to consider his appeal." *Becker*, 2008 MT 285 ¶ 18; accord

*H & H Dev., LLC v. Ramlow*, 2012 MT 51, ¶ 15, 364 Mont. 283, 272 P.3d 657. We now turn to the merits of Claassen's argument.

¶21 Claassen first argues that pursuant to Montana's sentencing statutes—specifically, § 46-18-111(1), and § 46-23-509(3)(a), (b), MCA—the District Court was required to consider a PSI and psychosexual evaluation before sentencing him and designating his tier level. Although he recognizes these mandates are not included in § 46-18-203, MCA, the statute that governs revocation proceedings, he claims "specific statutes regarding tier level designations control over the general revocation statute." Claassen cites § 1-2-102, MCA, to support his assertion, which provides that "[i]n the construction of a statute, the intention of the legislature is to be pursued if possible. When a general and particular provision are inconsistent, the latter is paramount to the former, so a particular intent will control a general one that is inconsistent with it." Our role is simply to interpret and apply the statutes as written and consistent with legislative intent. *Ford v. Sentry Cas. Co.*, 2012 MT 156, ¶ 68, 365 Mont. 405, 282 P.3d 687 (citing § 1-2-101, -102, MCA).

¶22 Here, the plain language of the statutes at issue shows the Legislature intended for them to apply to different situations. Section 46-18-111(1), MCA, requires the district court order a PSI report "[u]pon the acceptance of a plea or upon a verdict or finding of guilty to one or more felony offenses . . . ." An "offense" is defined in Title 46 as "a violation of any penal statute of this state or any ordinance of its political subdivisions," § 46-1-202(15), MCA, and does not include a probation violation in this context, because conditions of a suspended sentence are not penal statutes or ordinances. *State v.*

*Boulton*, 2006 MT 170, ¶ 16, 332 Mont. 538, 140 P.3d 482 (citing *State v. Watts*, 221 Mont. 104, 107, 717 P.2d 24, 26 (1986)).

¶23 Section 46-23-509(2), MCA, provides that "[p]rior to sentencing of a person convicted of a sexual offense," a sexual offender evaluation must be completed. Section 46-23-509(3), MCA, further requires that "[u]pon sentencing the offender," the district court must review the report and designate the offender a Level 1, 2, or 3. In probation revocation hearings involving defendants previously convicted of a sexual offense, the defendants are not being sentenced for their violation of the sexual offender law, but rather their violation of the conditions of their parole or probation. As we have stated on numerous occasions, a revocation proceeding is not a criminal adjudication designed to punish a defendant for violation of a criminal law, but rather a " 'purely administrative action designed to determine whether a parolee or probationer has violated the conditions of his parole or probation . . . .' " *State v. Cook*, 2012 MT 34, ¶ 16, 364 Mont. 161, 272 P.3d 50 (quoting *State v. Haagenson*, 2010 MT 95, ¶ 15, 356 Mont. 177, 232 P.3d 367). Section 46-23-509(2), (3), MCA, applies to the sentencing proceeding when the district court is sentencing "a person convicted of a sexual offense," not a person who violated their conditions of parole or probation.

¶24 By contrast, § 46-18-203, MCA, applies later when the district court decides if a defendant violated the terms of the original suspended sentence. *See State v. Roberts*, 2010 MT 110, ¶ 12, 356 Mont. 290, 233 P.3d 324. The statute states, in relevant part:

46-18-203  Revocation of suspended or deferred sentence.

. . .

9

(7) (a) If the judge finds [at the hearing on revocation] that the offender has violated the terms and conditions of the suspended or deferred sentence, the judge may:

. . .

(iii) revoke the suspension of sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence . . .

(9) The provisions of this section apply to any offender whose suspended or deferred sentence is subject to revocation regardless of the date of the offender's conviction and regardless of the terms and conditions of the offender's original sentence.[2]

The statute specifically describes the requirements that must be followed in revocation proceedings, and provides what judges may do if they find the offender violated the terms and conditions of a suspended sentence. "The revocation of a suspended sentence is 'particularly and expressly governed' by § 46-18-203, MCA . . . and that statute defines the district court's options in a revocation proceeding." *State v. Roberts*, 2010 MT 110, ¶ 12, 356 Mont. 290, 233 P.3d 324 (quoting *State v. Seals*, 2007 MT 71, ¶ 15, 336 Mont. 416, 156 P.3d 15) (citing *State v. Letasky*, 2007 MT 51, ¶¶ 16-17, 336 Mont. 178, 152 P.3d 1288).

¶25 We therefore determine that Claassen's revocation hearing was governed by § 46-18-203, MCA, and not by §§ 46-18-111(1), and 46-23-509(2), MCA.

---

[2] The State argues that because Claassen committed the underlying offense between December 2002 and September 2003, the 2001 version of the MCA governs his original sentence and his revocation. However, § 46-18-203, MCA (2011), contains an express retroactivity provision. Therefore, all references to § 46-18-203, MCA, are to the 2011 version. Because we generally apply the law in effect at the time a crime was committed, *State v. Stoner*, 2012 MT 162, ¶ 12, 365 Mont. 465, 285 P.3d 402, all other statutory references in this Opinion are to the 2001 MCA.

¶26 Claassen argues in his reply brief that even under § 46-18-203, MCA, the District Court's elevation of his tier level was in error. He claims the statute prohibits an increased restriction on an offender's liberty upon revocation beyond the term of the original sentence. Citing *State v. Samples*, 2008 MT 416, 347 Mont. 292, 198 P.3d 803, Claassen maintains that increasing an offender's tier level upon revocation imposes a greater restriction on the offender's liberty and is therefore not within the court's statutory authority. Claassen's interpretation of § 46-18-203, MCA, is incorrect, and his argument therefore flawed.

¶27 The plain language of § 46-18-203(7)(a)(iii), MCA, provides that if an offender violates the terms of a suspended sentence, a judge can revoke the suspended sentence and order the offender "to serve either the sentence imposed or any sentence that could have been imposed *that does not include a longer imprisonment or commitment term than the original sentence . . . .*" (Emphasis added). Claassen correctly points out that in *Samples*, we recognized there is a liberty interest at stake when a person is designated a sexual offender level. *Samples*, ¶ 34. A level designation "places a burden on offenders to update their registration or face criminal sanctions." *Samples*, ¶ 34. The extent of the burden depends on their level. *Samples*, ¶ 34. However, although an increase in tier level increases the burden on the offender, it does not increase the imprisonment or commitment term, which is what § 46-18-203(7)(a)(iii), MCA, expressly prohibits.

¶28 Here, the District Court did not impose a longer imprisonment or commitment term at the revocation hearing. Its order that Claassen be designated a Level 3 sexual offender is a sentence that "could have been imposed" during his original sentencing for

11

sexual abuse of children. Therefore, the District Court did not err by elevating Claassen's sexual offender level designation upon revocation.

## CONCLUSION

¶29 For the reasons stated above, we affirm the District Court's Order designating Claassen a Level III sexual offender.

¶30 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE