DA 12-0240

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 200

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

KEVIN RAYMOND SULLIVANT,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause Nos. DC 00-108 & DC 00-133
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Wade M. Zolynski, Chief Appellate Defender; Kristen L. Larson, Assistant
Appellate Defender, Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General; Tammy A. Hinderman,
Assistant Attorney General, Helena, Montana

            William E. Fulbright, Ravalli County Attorney; Angela Wetzsteon, Deputy
County Attorney, Hamilton, Montana

Submitted on Briefs:   June 12, 2013
Decided:   July 23, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Kevin Raymond Sullivant appeals from the District Court's judgment revoking his suspended sentence. We affirm in part, reverse in part, and remand to the District Court.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2     In August 2000 and again in October 2000, the State charged Sullivant with felony DUI and associated offenses, including a felony and several misdemeanors. In November 2000, Sullivant pled guilty to both of the felony DUI offenses and to two of the misdemeanor offenses. The State dismissed the remaining charges.

¶3     In February 2001, the District Court sentenced Sullivant to the custody of the Department of Corrections for 13 months followed by four years of supervised probation on each of the DUI offenses. The District Court sentenced Sullivant to six months each for the offenses of obstructing a police officer and for driving with a suspended license, and suspended those sentences. The District Court ordered that all of the sentences would be consecutive to one another, for a total commitment of 26 months to the Department of Corrections, followed by nine years of supervised probation. The sentence also included a fee of $1450 and a fine of $1000, and a credit for 132 days served in jail prior to sentencing.

¶4     Sullivant served his commitment to the Department of Corrections and was discharged on June 13, 2002, to begin serving his period of probation. On August 14, 2003, the State filed a petition to revoke Sullivant's probation based upon his violation of a number of the conditions of probation. The State alleged that Sullivant had been arrested in Butte for disorderly conduct and resisting arrest; his probation officer found him intoxicated at home;

he failed to appear for an appointment with his probation officer; and he was arrested for another DUI. The District Court issued a bench warrant for Sullivant's arrest, and on December 4, 2003, the State notified the District Court that Sullivant had absconded from supervision.

¶5 Eight years later in July 2011, the State moved the District Court to quash the original arrest warrant and to issue a new warrant for Sullivant's arrest. At that time Sullivant was in prison in Kansas, and when he was released from the Kansas sentence he was returned to Montana in August 2011.

¶6 The District Court held a probation revocation hearing in January 2012, and found that Sullivant had violated conditions of probation. Sullivant admitted that he absconded from supervision in 2003 to avoid going back to prison by leaving the State of Montana. The record before the District Court showed that after Sullivant absconded, he embarked upon a string of criminal offenses in other states, resulting in convictions for trespass, theft, disorderly conduct, battery, possession of marijuana, burglary, resisting arrest and shoplifting. The District Court sentenced Sullivant to the Department of Corrections for eight years, with no time suspended and with credit for 194 days served since his return from Kansas. The District Court denied credit for any time spent on probation and re-imposed the fines and fees set out in the original sentence.

¶7 Sullivant appeals contending that the eight-year delay between the initial arrest warrant and his actual arrest in 2011 violated his right to due process. He acknowledges that he did not raise this issue or object at the time of sentencing, and contends that this Court should consider his arguments as a matter of plain error. He also contends that his case

3

should be remanded to the District Court for an evidentiary hearing on the reasons for the delay. Sullivant further contends that the District Court could only revoke any remaining probation time left on his original sentence, and that by the time he was sentenced in 2012 the original probationary period had expired. Last, Sullivant contends that the re-imposition of the original fines and fees varied from the District Court's oral pronouncement of sentence and should be stricken.

## STANDARD OF REVIEW

¶8     This Court exercises de novo plenary review of issues of statutory construction, to determine whether the district court correctly interpreted and applied the statute. *State v. West*, 2008 MT 338, ¶ 13, 346 Mont. 244, 194 P.3d 683. This Court reviews a criminal sentence that includes at least one year of incarceration for legality only, that is, whether the sentence is within statutory parameters. *State v. Oie*, 2007 MT 328, ¶ 8, 340 Mont. 205, 174 P.3d 937; *State v. Classen*, 2012 MT 313, ¶ 14, 367 Mont. 478, 291 P.3d 1176. This Court reviews a district court's decision to revoke probation or a suspended sentence to determine whether the decision was supported by a preponderance of the evidence, and if so, whether the district court abused its discretion. *State v. Senn*, 2003 MT 52, ¶ 19, 314 Mont. 348, 66 P.3d 288.

## DISCUSSION

¶9     Issue One: Whether the District Court properly sentenced Sullivant to prison after revoking his probation.

¶10     Sullivant contends and the State agrees that upon the 2012 revocation of the 2001 probationary sentence, the District Court could only impose a prison term equal to the

4

remainder of his period of probation. The parties disagree, however, on how much if any of the probationary term remained when Sullivant was sentenced for the probation violation in 2012. Sullivant contends that he could not be sentenced to any prison time because more time elapsed between his release from prison in 2002 and the revocation hearing in 2012 than the period of probation he was originally sentenced to serve. The State contends that Sullivant is not entitled to any benefit of the years during which he absconded from probation and that 7 or more years were left on his probation at the time of the revocation hearing.

¶11 Sullivant was sentenced in 2002 for DUI offenses and other crimes. The parties agree that as to the DUI offenses, § 61-8-731(5), MCA (1999), applies because it was the statute that governed the revocation of a probationary sentence for DUI at the time of Sullivant's probation violation. *Oie*, ¶ 17. That statute provided that upon proof of a violation of the conditions of probation for a DUI offense, the district court could sentence the defendant to confinement for "the remainder of the probation sentence." The district court could also credit the time to be served "with all or part of the time already served on probation." Section 61-8-731(5), MCA (1999).

¶12 Upon conviction for felony DUI, § 61-8-731(1), MCA (1999), required a period of imprisonment followed by a period of probation. Probation is an "act of grace" intended to give the offender a chance to rehabilitate outside the prison setting. *State v. Boulton*, 2006 MT 170, ¶ 15, 332 Mont. 538, 140 P.3d 482. The conditions and restrictions imposed upon probationers are intended to facilitate rehabilitation and to insure that the community is not harmed by the probationer during the period of release. *State v. Moody*, 2006 MT 305, ¶ 17,

334 Mont. 517, 148 P.3d 662. The probation officer is charged with supervising the probationer, enforcing the conditions and restrictions of probation, and "discerning any deception by the probationer." *Moody*, ¶ 17; § 46-23-1001(4), MCA. A probation officer is required to "regularly advise and consult with the probationer to encourage the probationer to improve the probationer's condition and conduct . . . ." Section 46-23-1011(3), MCA. A probation officer may visit the probationer's home, and those visits are "an important check on a probationer's rehabilitation efforts." *Moody*, ¶ 16.

¶13 When a probationer absconds from supervision and fails to comply with the conditions imposed by the district court, none of these goals can be met and the purposes of probation are frustrated. A probationer who absconds and fails to cooperate in the probation process is no more "on probation" than an inmate who escapes is "in prison." After a warrant has been issued for a probation violation, a probationer who cannot be found is "deemed a fugitive from or to have fled from justice." Section 46-23-1014, MCA. Allowing a probationer to abscond, flee the state, commit criminal offences and still be given credit for years on probation would only serve to encourage probationers to become fugitives.

¶14 For these reasons, under § 61-8-731(5), MCA (1999), the phrase "remainder of the probation sentence" does not include any period of time during which the probationer absconds from the probation program and the supervision of the probation officer. In the present case, we deem that period to begin on December 4, 2003, when the State notified the District Court that Sullivant had absconded from supervision. Sullivant could therefore be sentenced to serve any probation time remaining between December 4, 2003, and the date his probation would have ended had he not absconded. Because the District Court may have

6

imposed a longer period of imprisonment than allowed under this decision, this matter is remanded to the District Court for resentencing. Upon remand, the District Court may determine the amount of probation left to be served in accordance with this opinion, and may then determine the appropriate sentence.

¶15 Issue Two: Whether this Court should remand to the District Court for an evidentiary hearing into the circumstances surrounding Sullivant's absconding from probation supervision for eight years.

¶16 Sullivant concedes that he absconded from probation after a warrant for his arrest was issued based upon allegations of probation violations. He admitted that he absconded so that he could avoid returning to prison. He contends on appeal that the State had an obligation based on his right to due process to pursue his return to Montana to face probation revocation proceedings. Sullivant concedes that he did not raise any issue or objection in the District Court as to the circumstances of his absconding from probation supervision or his possible return to Montana between 2003 and 2011. He contends that this Court should undertake plain error review of this issue and that he is entitled to an evidentiary hearing in District Court concerning the circumstances surrounding his period as a fugitive. Sullivant relies upon *State v. West*, 2008 MT 338, 346 Mont. 244, 194 P.3d 683, to support his contention that he is entitled to an evidentiary hearing in District Court.

¶17 A party may raise on direct appeal only the issues and claims that were properly presented and preserved in the district court. *West*, ¶ 16. As an exception to this rule, plain error review is a discretionary matter that this Court undertakes sparingly, on a case by case basis, and only where failing to review may result in a manifest miscarriage of justice, may

7

leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process. *West,* ¶ 23. In *West* this Court considered a similar issue regarding a delay in a probation revocation hearing, undertook plain error review, and remanded to the district court for an evidentiary hearing on the reasons for the delay between the conduct supporting the probation revocation and the revocation hearing, and on whether West was prejudiced.

¶18 We decline to do so here. Not only did Sullivant fail to object in District Court, but he also failed to present a sufficient argument that demonstrates that a manifest miscarriage of justice occurred in this matter, or that there are any other adequate grounds for plain error review.

¶19 Issue Three: Whether Sullivant is subject to the fines and fees imposed in the original sentence, and, if so, whether he is entitled to credit against the fines and fees for time served in jail.

¶20 At the original sentencing in 2001, the District Court sentenced Sullivant to pay certain fines and fees. The District Court did not mention those fines and fees when announcing the oral judgment revoking Sullivant's probation in 2012. Upon entry of the February 22, 2012, written Judgment on Revocation of Suspended Sentence, the District Court noted that all unpaid fines and fees were "reimposed." Sullivant contends that because the fines and fees were not mentioned in the oral judgment revoking probation, they could not be "reimposed" in the written judgment.

¶21 In addition to the fines and fees, there were numerous parts, passages, restrictions and impositions contained in the original 2001 sentence, including sentencing for several

8

convictions in addition to the two DUIs. It cannot be doubted that any and all of those not specifically altered by the 2012 Judgment on Revocation of Suspended Sentence would remain in full force and effect. The issue under the applicable revocation statute, § 61-8-731(5), MCA (1999), was whether to revoke the period of probation.[1] The fines and fees were not in issue. Therefore, if the District Court had said nothing about the fines and fees in the 2012 Judgment on Revocation of Suspended Sentence, Sullivant would still be subject to those fines and fees. The fact that the District Court's written Judgment noted the fines and fees did not in any way increase the punishment already imposed upon Sullivant in 2001, and did not invalidate the prior sentence to pay the fines and fees. *State v. Johnson*, 2000 MT 290, ¶ 24, 302 Mont. 265, 14 P.3d 480.

¶22    The State concedes that Sullivant is entitled to credit against the fine based upon the 132 days of time served prior to sentencing, as found by the District Court. This was expressly required by the applicable statute, § 46-18-403(2), MCA (1999), which required credit against a fine for each day of incarceration prior to conviction. At the pertinent time, that statute allowed Sullivant to receive credit against the $1000 fine. The Judgment on Revocation is silent on this point and the State does not oppose remand of the sentence for clarification. Upon remand the District Court may determine the number of days of incarceration and the credit applicable against the fine.

---

[1] At that time the statute provided: "If a violation of the restrictions or conditions of the probation is established, the court may continue the period of probation or may require the defendant to serve the remainder of the probation sentence in one of the facilities set forth in subsection (2)(a) or (2)(b). The court may credit the remainder of the probation or the time to be served in a facility set forth in subsection (2)(a) or (2)(b) with all or part of the time already served on probation."

9

¶23   The decision of the District Court is affirmed in part, reversed in part, and remanded for re-sentencing in accordance with this opinion.

/S/ MIKE McGRATH

We concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BRIAN MORRIS