
DA 12-0736

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 204N

CORBIN DOUGLAS SIME,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Third Judicial District,
                     In and For the County of Powell, Cause No. DC-91-38
                     Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Corbin Douglas Sime (Self-Represented), Sandstone, Minnesota

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
            Attorney General, Helena, Montana

            Lewis K. Smith, Powell County Attorney, Deer Lodge, Montana

                            Submitted on Briefs:  June 12, 2013

                                     Decided:  July 23, 2013

Filed:

                                   _____
                                        Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On February 6, 1992, Corbin Douglas Sime pled guilty to two counts of criminal possession of dangerous drugs with the intent to sell. He was sentenced to two five-year concurrent sentences at Montana State Prison (MSP) with all but 75 days suspended. He did not appeal his conviction or sentence. On September 25, 1995, Sime's probation was revoked. Sime subsequently discharged his sentences but is currently incarcerated in a federal prison for a separate offense.

¶3 In May 2012, Sime filed a petition for postconviction relief in which he argued that his 1992 pleas were void because the court failed to advise him of his rights under federal and state criminal procedure Rule 11 before he entered his plea. He also claimed that his counsel was ineffective by improperly advising him. Sime sought to dismiss and vacate his 1992 convictions. The State responded that Sime's petition was time barred.

¶4 In July 2012, the District Court denied the petition, holding that under § 46-21-102, MCA (1991),[1] Sime's petition was untimely. The court also noted that Sime's claim did not meet the available exceptions of "newly-discovered evidence"

---

[1] The Montana Supreme Court generally applies the law in effect at the time a crime was committed. *State v. Claassen*, 2012 MT 313, ¶ 24 n 2, 367 Mont. 478, 291 P.3d 1176.

establishing innocence or a "clear miscarriage of justice." The District Court determined that under § 46-21-102, MCA (1991), Sime was required to file a petition for postconviction relief within five years of his 1992 convictions and he did not do so. Consequently, his May 2012 petition for postconviction relief was time barred.

¶5    Sime filed a notice of appeal in November 2012 and at the same time requested the District Court transcripts from his relevant 1992 and 1995 proceedings. The District Court denied the motion for transcripts on the ground that the transcripts were no longer available. Noting § 3-5-603, MCA, required that transcript records be retained for ten years, the court explained that the ten-year limit had "long since lapsed" and the transcripts no longer existed.

¶6    Sime argues on appeal that the District Court erred when it denied his petition for postconviction relief on the basis of untimeliness and in the absence of the transcripts, his recitation of the facts should be used.

¶7    We affirm the District Court. The applicable statute of limitations has long since expired. *Hawkins v. Mahoney*, 1999 MT 82, ¶ 9, 294 Mont. 124, 979 P.2d 697. Moreover, Sime has not demonstrated a clear miscarriage of justice and has not presented newly discovered evidence that would establish his innocence. *Hawkins*, ¶ 11.

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is legal and is controlled by settled Montana law which the District Court correctly interpreted. We therefore affirm the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ BRIAN MORRIS