FILED

07/12/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0269

DA 15-0269

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 171N

STATE OF MONTANA,

        Plaintiff and Appellee,

    v.

MANLEY JOHNSON ANKNEY,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 02-132
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Nick K. Brooke, Smith & Stephens, P.C., Missoula, Montana

        For Appellee:

        Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

        Marty Lambert, Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs:  June 1, 2016

Decided:  July 12, 2016

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Manley Ankney appeals the order of the Eighteenth Judicial District Court, Gallatin County, denying his motion to dismiss his petition to revoke his suspended sentence.  We affirm.

¶3    In May 2002, Ankney was charged with negligent homicide, and two felony counts and one misdemeanor count of negligent vehicular assault.  In August 2002, Ankney pleaded guilty to the four charges.  In September 2002, the District Court sentenced Ankney as follows:  20 years at the Montana State Prison (MSP) with eight years suspended for the charge of negligent homicide, 10 years at MSP for each of the felony vehicular assault charges, and one year at the Gallatin County Detention Center for the misdemeanor vehicular assault charge.  The sentencing terms provided that Ankney be discharged from MSP on May 5, 2014, and from his suspended sentence on May 3, 2022.  On July 13, 2005, Ankney was released from MSP on parole.

¶4    In November 2013, Ankney was arrested for and charged with driving under the influence of alcohol (DUI), to which he pleaded guilty.  As a result of Ankney's DUI conviction, his parole was revoked and he was sent back to MSP on March 25, 2014.  On

2

May 5, 2014, Ankney discharged his prison sentence and was set to serve his suspended sentence. Five days prior, on April 30, 2014, the State filed a petition to revoke Ankney's suspended sentence, alleging he violated the terms of his suspended sentence by consuming alcohol, and additionally committing the offense of DUI. Ankney filed a motion to dismiss the petition, arguing the retroactive application of the 2011 amendment to § 46-18-203(2), MCA, violated the ex post facto clauses of both the U.S. and Montana Constitutions, which the District Court denied. The 2011 amendment allows the State to file a petition for revocation either before or during the period of suspension or deferral. 2011 Mont. Laws ch. 230, § 1; § 46-18-203(2), MCA. The previous statute allowed petitions to be filed only during (not before) the period of suspension. Section 46-18-203(2), MCA (2009).

¶5     In criminal cases the grant or denial of a motion to dismiss is a question of law, which we review de novo. *State v. Mount*, 2003 MT 275, ¶ 15, 317 Mont. 481, 78 P.3d 829. Our review of the implication of the ex post facto clauses of the U.S. and Montana Constitutions in a criminal proceeding is plenary. *State v. Anderson*, 2008 MT 116, ¶ 18, 342 Mont. 485, 182 P.3d 80. A law is ex post facto if it punishes as a crime an act that was lawful when committed, makes a punishment for a crime more burdensome, or deprives a person charged with a crime a defense available under the law at the time the act was committed. *Anderson*, ¶ 32.

¶6     Specifically, Ankney argues the amended statute makes the punishment for his crime more burdensome, and the pre-2011 version of the statute should apply. This argument is not persuasive. We have held that a revocation proceeding is not a criminal

3

adjudication that is punitive in nature; instead it is purely administrative, designed to determine if the defendant has violated the conditions of his parole or probation. *State v. Claassen*, 2012 MT 313, ¶ 23, 367 Mont. 478, 291 P.3d 1176. Furthermore, in *State v. Cook*, 2012 MT 34, ¶ 15, 364 Mont. 161, 272 P.3d 50, we held the 2011 amendment to § 46-18-203(2), MCA, applies to revocation petitions filed after April 20, 2011. The State filed its petition for revocation of Ankney's suspended sentence well after April 20, 2011, and the District Court correctly applied the 2013 statute in effect at the time the State's petition was filed.

¶7 Whether Ankney would be subjected to his original sentence through a revocation proceeding was an original term of his original sentence. The statutory change did not create a more burdensome punishment; it only changed a procedural timing aspect of a condition that could apply to Ankney if he failed to meet the terms of his original sentence. The District Court properly denied Ankney's motion to dismiss the State's petition to revoke his suspended sentence.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

/S/ MICHAEL E WHEAT

4

We Concur:

/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE