FILED

10/25/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0707

DA 15-0707

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 271

STATE OF MONTANA,

        Plaintiff and Appellant,

    v.

JAMES JOHN HARRISON,

        Defendant and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twenty-First Judicial District, In and For the County of Ravalli, Cause No. DC 15-5 Honorable James A. Haynes, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

                Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

                William E. Fulbright, Ravalli County Attorney, Thorin Geist, Deputy County Attorney, Hamilton, Montana

        For Appellee:

                John D. Greef, Attorney at Law, Hamilton, Montana

                Submitted on Briefs: September 14, 2016

                        Decided: October 25, 2016

Filed:

                _____
                         Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 The State of Montana appeals an order of the Twenty-First Judicial District Court, Ravalli County, denying the State's motion to conform the District Court's written judgment to its oral pronouncement of James John Harrison's sentence for convictions related to poaching nine black bears. We address:

> *1. Whether the District Court correctly determined that Harrison may petition for early termination of his lifetime prohibition on hunting, fishing, and trapping.*
>
> *2. Whether the District Court correctly determined that Harrison may petition for early termination of his lifetime prohibition on accompanying any hunter, angler, or trapper.*

¶2 We affirm in part and reverse in part.

### PROCEDURAL AND FACTUAL BACKGROUND

¶3 On June 25, 2015, Harrison pled guilty to—and was convicted of—five felony charges: unlawful possession, shipping, or transportation of a game fish, bird, game animal, or fur-bearing animal pursuant to a common scheme in violation of § 87-6-202(1), (5), and (6)(f), MCA; tampering with witnesses and informants in violation of § 45-7-206(1)(a), MCA; tampering with or fabricating physical evidence in violation of § 45-7-207, MCA; and two counts of tampering with public records or information in violation of § 45-7-208, MCA. The charges all stemmed from Harrison's illegal baiting, killing, and transportation or assistance in illegal baiting, killing, and transportation of nine black bears between May 2009 and June 2014. On August 28, 2015, the District Court orally sentenced Harrison to ten years in prison, all suspended, with several conditions, including a "lifetime loss of hunting, trapping and

2

accompaniment privileges."  On September 9, 2015, the District Court issued its written judgment, imposing a ten-year suspended prison sentence and twenty-six conditions.  The two conditions at issue in this appeal, Conditions 23 and 24, provide:

23.     The Defendant shall be prohibited from hunting, fishing, or trapping in the State of Montana during his lifetime.  Pursuant to §46-18-208, the Defendant may file a petition for early termination of this sentence and/or this condition after 2/3 of the suspended sentence time has elapsed.

24.     The Defendant shall be prohibited from accompanying in the field any hunter, angler, or trapper in the State of Montana during his lifetime.  Pursuant to §46-18-208, the Defendant may file a petition for early termination of this sentence and/or this condition after 2/3 of the suspended sentence time has elapsed.

¶4     On October 5, 2015, the State filed a motion to conform the District Court's written judgment to its oral pronouncement of Harrison's sentence.  The State argued that the District Court's written judgment did not conform to its oral pronouncement of Harrison's sentence because the District Court never mentioned at sentencing that Harrison could seek an early termination of his lifetime hunting, fishing, trapping, and accompaniment prohibitions.  The State further argued that Harrison's loss of these privileges is an independent criminal penalty, not a condition of his suspended sentence.  According to the State, allowing Harrison to petition for an early termination of his lifetime prohibitions would render the sanctions meaningless because, "when a [d]istrict [c]ourt terminates the time remaining on a sentence pursuant to § 46-18-208, MCA, all of the conditions that were imposed as a condition of that sentence are also terminated."  On October 26, 2015, the District Court issued an order denying the State's motion.  The District Court concluded that the lifetime prohibitions were conditions of Harrison's

3

sentence, not independent penalties, and therefore modifiable pursuant to § 46-18-208, MCA. The State appealed.

## STANDARDS OF REVIEW

¶5 We generally review a criminal sentence for legality; "that is, whether the sentence falls within the statutory parameters." *State v. Duong*, 2015 MT 70, ¶ 11, 378 Mont. 345, 343 P.3d 1218. A district court's interpretation of a statute is a question of law, which we review for correctness. *Duong*, ¶ 11.

## DISCUSSION

¶6 *1. Whether the District Court correctly determined that Harrison may petition for early termination of his lifetime prohibition on hunting, fishing, and trapping.*

¶7 Pursuant to § 87-6-202(6)(f), MCA, a person convicted of possessing, shipping, or transporting an unlawfully killed game fish, bird, game animal, or fur-bearing animal worth more than $1,000 "shall forfeit . . . the privilege to hunt, fish, or trap in this state for not less than 3 years up to a revocation for life from the date of conviction."

¶8 Section 46-18-208(1), MCA, provides:

> When imposition of a sentence has been deferred or execution of a sentence has been suspended, the . . . defendant may file a petition to terminate the time remaining on the sentence if:
> . . .
> (b) in the case of a suspended sentence:
> (i) the defendant has served two-thirds of the time suspended; and
> (ii) the defendant has been granted a conditional discharge from supervision under 46-23-1011 and has demonstrated compliance with the conditional discharge for a minimum of 12 months.

¶9 The oral pronouncement of a criminal sentence in the presence of the defendant is the "legally effective sentence and valid, final judgment." *State v. Claassen*,

2012 MT 313, ¶ 16, 367 Mont. 478, 291 P.3d 1176 (quoting *State v. Lane*, 1998 MT 76, ¶ 40, 288 Mont. 286, 957 P.2d 9). In the event of a conflict between the oral pronouncement and the written judgment, the oral pronouncement of a sentence controls. *Claassen*, ¶ 16.

¶10 The State contends that Harrison's lifetime hunting, fishing, and trapping prohibition is not subject to early termination under § 46-18-208, MCA, because it is a separate penalty, not a condition of his suspended sentence. We agree. Statutory interpretation "must be reasonable," § 1-3-233, MCA, and "should not lead to absurd results if a reasonable interpretation would avoid it." *State v. Sommers*, 2014 MT 315, ¶ 22, 377 Mont. 203, 339 P.3d 65. Section 46-18-208, MCA, applies to early termination of "the time remaining" on a suspended sentence. Section 87-6-202(6)(f), MCA, provides a separate, independent penalty, that allows for a lifetime prohibition on hunting, fishing, or trapping. It is not subject to early termination under § 46-18-208, MCA. Holding otherwise would lead to the absurd result of rendering Harrison's "lifetime" prohibition meaningless, because it would end not with Harrison's lifetime, but with the termination or expiration of his sentence.

¶11 The District Court incorrectly applied the law when it denied the State's petition to conform its written judgment to its oral pronouncement by striking the provision in Condition 23 that allows Harrison to petition for early termination of his lifetime hunting, fishing, and trapping prohibition.

¶12    *2. Whether the District Court correctly determined that Harrison may petition for early termination of his lifetime prohibition on accompanying any hunter, angler, or trapper.*

¶13    Unlike his lifetime hunting, fishing, and trapping prohibition, Harrison's lifetime prohibition on accompanying any hunter, angler, or trapper is not provided for by statute. Because there is no independent statutory basis for it, the accompaniment prohibition would necessarily be a condition of Harrison's sentence, not an independent penalty. Although the District Court did not expressly advise Harrison that he had the right to petition for early termination of this condition during its oral pronouncement, in denying the State's motion to alter or amend the judgment, the District Court correctly noted that petitioning for early termination of a suspended sentence pursuant to § 46-18-208, MCA, "is a statutory right, enacted by the Legislature, and therefore has no need to be orally expressed." Whether or not the District Court orally advised Harrison of his statutory right to seek early termination of his suspended sentence—including the lifetime prohibition on accompanying any hunter, angler, or trapper—does not change the fact that Harrison has that right. The District Court merely advised him of that right in the written judgment. It did not substantively alter the oral pronouncement or create a conflict between the oral pronouncement and the written judgment.

**CONCLUSION**

¶14    We affirm in part and reverse in part the District Court's order. We remand for the District Court to strike the following sentence from Condition 23 of its written judgment: "Pursuant to §46-18-208, the Defendant may file a petition for early

6

termination of this sentence and/or this condition after 2/3 of the suspended sentence time has elapsed."

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE

Justice Patricia Cotter, dissenting.

¶15    I dissent.  I would uphold the order of the District Court in all respects.

¶16    The Court states at ¶ 10 that it agrees with the State's contention that the lifetime hunting, fishing, and trapping prohibition imposed pursuant to § 87-6-202(6)(f), MCA, is a separate penalty and not a condition of Harrison's suspended sentence.  While the lifetime ban is indeed a penalty, it is also clearly a condition of Harrison's suspended sentence, as the Court itself notes in ¶ 3.  This being so, the provisions of § 46-18-208, MCA, permitting early termination of a suspended sentence may apply.

¶17    There is no language in § 87-6-202, MCA, to support the proposition that a penalty which is imposed as a condition of sentence may not be terminated early pursuant to § 46-18-208, MCA.  Section 87-6-202(6)(f), MCA, requires only that, if the value of the game exceeds a certain dollar figure, the person shall forfeit his privilege to hunt, fish, or trap for not less than 3 years.  Here, the sentence imposed was a prison sentence of 10 years with all time suspended.  Thus, the earliest opportunity in this case for either the

7

prosecutor or defendant to invoke the benefit of § 46-18-208, MCA, would be after two-thirds of the suspended time—or 6 years and 8 months—has been served. This penalty would exceed by 3 years and 8 months the minimum forfeiture requirements of § 87-6-202(6)(f), MCA.

¶18    Similarly, § 46-18-208, MCA, contains no language precluding its application to sentences involving conditions of suspended sentences that can also be considered penalties. Therefore, neither statute supports the Court's categorical statement in ¶ 10 that the penalty imposed under Title 87 is not subject to early termination under § 46-18-208, MCA, nor does the Court cite any statutory reference or case law for its conclusion. The Court's conclusion is *ipse dixit* and nothing more.

¶19    Finally, I would conclude that the fact that the oral pronouncement of sentence did not reference § 46-18-208, MCA, or the possibility of early termination of the suspended sentence is of no consequence. The written sentence merely informed Harrison of his right to seek early termination of his suspended sentence—a statutory right that every defendant enjoys regardless of whether it is referenced by a court at sentencing.

¶20    For the foregoing reasons, I dissent.

/S/ PATRICIA COTTER