Justice Ingrid Gustafson delivered the Opinion of the Court.
*319 ***180 ¶1 Defendant Kristi Anne O'Connell appeals from a First Judicial District Court order upholding the denial of her motion to dismiss her driving under the influence charge. We affirm.
¶2 We restate the issue on appeal as follows:
Whether the District Court correctly upheld the Municipal Court's denial of O'Connell's motion to dismiss her driving under the influence charge as violative of her statutory protection against multiple prosecutions and her constitutional protection against double jeopardy.
***181 FACTUAL AND PROCEDURAL BACKGROUND
¶3 The parties stipulated to the following facts in the proceeding before the Municipal Court.
Helena Police Officer Kaleczyc's report states that on or about June 3, 2016, at approximately 8:49 a.m., he arrived at a multiple vehicle crash on the intersection of Lyndale and Last Chance Gulch, Helena, Montana. After investigation, he determined that O'Connell had failed to drive in a safe and prudent manner and had rear-ended another vehicle. In total, five vehicles were damaged in the accident.
During his investigation, Officer Kaleczyc learned O'Connell had missed a turn and was looking for an opportunity to turn around. O'Connell explained she was in the process of looping back around when the accident happened. Based on his review of O'Connell's phone log and text messages, Officer Kaleczyc determined that O'Connell was not using her cell phone while driving. O'Connell informed Officer Kaleczyc that she took prescription medication for Lupus, depression, and sleeping. Officer Kaleczyc reported that he observed no behaviors indicating O'Connell was under the influence of alcohol or drugs. On June 3, 2016, Officer Kaleczyc charged O'Connell with careless driving for failure to operate her truck in a safe and prudent manner in violation of § 61-8-302, MCA.
¶4 On June 9, 2016, O'Connell pleaded guilty to careless driving in violation of § 61-8-302, MCA, and Helena Municipal Court sentenced her with a $90 fine.
¶5 On October 9, 2016, after reviewing O'Connell's toxicology report, the Helena Attorney's Office (City) additionally charged O'Connell with driving under the influence (DUI). O'Connell pleaded not guilty and moved the Municipal Court to dismiss her DUI charge as a subsequent prosecution barred by § 46-11-504(1), MCA. On December 22, 2016, the Municipal Court denied O'Connell's motion to dismiss the DUI charge. Pursuant to a plea agreement, O'Connell pleaded guilty to negligent endangerment, preserved her right to appeal, and timely appealed the denial of her motion to dismiss to the District Court.
¶6 On appeal, the parties stipulated to the following facts.
On June 3, 2016, O'Connell caused a multiple-car accident at the intersection of Lyndale and Last Chance Gulch. O'Connell told the dispatched officer she didn't have a clear memory of how she caused the accident. She was cited for careless driving.
When O'Connell reported she took medication for depression, difficulty sleeping, and Lupus, the citing officer asked for a blood ***182 sample. O'Connell agreed to provide one.
On June 9, 2016, O'Connell pleaded guilty to the careless driving charge. On August 22, 2016, the City received the toxicology report on O'Connell's blood sample, revealing the presence of four medications in O'Connell's blood. On October 9, 2016, the City cited O'Connell with DUI.
O'Connell filed a motion to dismiss the DUI charge on statutory and constitutional grounds. O'Connell's opening brief, the City's response, and O'Connell's reply were filed, but no hearing was held. On December 22, 2016, the Helena Municipal *320 Court issued an order denying O'Connell's motion to dismiss her DUI charge.
O'Connell's counsel informed the City that O'Connell's driving was impaired by a sudden onset of dizziness. O'Connell acknowledged she chose to continue driving when she became impaired, resulting in the multiple-vehicle accident. The City offered O'Connell the opportunity to plead guilty to an amended charge, negligent endangerment. O'Connell accepted, pleaded guilty to negligent endangerment, and preserved her right to appeal.
¶7 O'Connell appealed to the District Court, which issued a June 1, 2017 order affirming the Municipal Court's denial of her motion. O'Connell presently appeals from the District Court's order.
STANDARD OF REVIEW
¶8 A district court's review of a municipal court order is limited to the record and questions of law. This Court reviews a district court's conclusions of law for correctness. City of Missoula v. Duane , 2015 MT 232, ¶ 10, 380 Mont. 290, 355 P.3d 729. Denial of a motion to dismiss based on statutory double jeopardy is a question of law reviewed by this Court for correctness. State v. Glass , 2017 MT 128, ¶ 9, 387 Mont. 471, 395 P.3d 469.
DISCUSSION
¶9 Whether the District Court correctly upheld the Municipal Court's denial of O'Connell's motion to dismiss her driving under the influence charge as violative of her statutory protection against multiple prosecutions and her constitutional protection against double jeopardy.
¶10 O'Connell argues that § 46-11-504, MCA, statutorily bars the City from charging her with DUI, because the DUI charge occurred nearly four months after the accident and O'Connell's guilty plea to careless driving. O'Connell argues if a prosecution results in a conviction, § 46-11-504, MCA, bars a subsequent prosecution based on ***183 an offense arising out of the same transaction. O'Connell argues that her DUI charge arose from the same transaction, the accident, as her careless driving conviction. The City argues that § 46-11-504, MCA, does not bar her subsequent DUI charge, because the DUI charge did not arise from the same transaction as the careless driving conviction. Pursuant to § 46-1-202(23), MCA :
"Same transaction" means conduct consisting of a series of acts or omissions that are motivated by:
(a) a purpose to accomplish a criminal objective and that are necessary or incidental to the accomplishment of that objective.
¶11 Specifically, O'Connell argues her conduct fell within the meaning of "same transaction" because the conduct that led up to both the careless driving and DUI charge was the same conduct-continuing to drive after she became dizzy. O'Connell asserts that State v. James , 2010 MT 175, 357 Mont. 193, 237 P.3d 672, and State v. Cech , 2007 MT 184, 338 Mont. 330, 167 P.3d 389, support her position. Contrarily, the City argues that absolute liability offenses, including DUI, require no proof of mental state and do not carry a criminal objective. Therefore, absolute liability offenses cannot be part of a "same transaction," even if they arose from the same incident. The City asserts State ex. rel Booth v. Montana Twenty-First Judicial Dist. , 1998 MT 344, 292 Mont. 371, 972 P.2d 325, and State v. Condo , 2008 MT 114, 342 Mont. 468, 182 P.3d 57, support its position.
¶12 Montana's statutes provide defendants with greater protections against double jeopardy than the United States Constitution. Cech , ¶ 13. Based on the particular jurisdictional circumstances of a case, either § 46-11-503, MCA, or § 46-11-504, MCA, provides a party with statutory protection against double jeopardy. Both statutes protect against subsequent prosecutions based on the same transaction.
¶13 Although the parties relied on § 46-11-504, MCA, as the basis for their arguments in briefing, at oral argument both parties indicated that § 46-11-503, MCA, was the more applicable statute in this case. We agree. Section 46-11-503, MCA, provides:
46-11-503 Prosecution based on same transaction barred by former prosecution.
*321 (1) When two or more offenses are known to the prosecutor, are supported by probable cause, and are consummated prior to the original charge and jurisdiction and venue of the offenses lie in a single court, a prosecution is barred if:
(a) the former prosecution resulted in an acquittal. There is an acquittal whenever the prosecution results in a finding of not guilty by the trier of fact or in a determination that there is ***184 insufficient evidence to warrant a conviction. A finding of guilty of a lesser included offense that is subsequently set aside is an acquittal of the greater offense that was charged.
(b) the former prosecution resulted in a conviction that has not been set aside, reversed, or vacated;
(c) after a charge had been filed, the prosecution was terminated by a final order or judgment for the defendant that has not been set aside, reversed, or vacated; or
(d) the former prosecution was terminated for reasons not amounting to an acquittal and takes place:
(i) in a jury trial, when the jury is impaneled and sworn; or
(ii) in a nonjury trial, after the first witness is sworn but before a judgment as to guilt or innocence is reached.
(2) A prosecution based upon the same transaction as a former prosecution is not barred under subsection (1)(d) when:
(a) the defendant consents to the termination or waives the right to object to the termination; or
(b) the trial court finds that the termination is necessary because:
(i) it is physically impossible to proceed with the trial in conformity with law;
(ii) there is a legal defect in the proceedings that would make any judgment entered upon a verdict reversible as a matter of law;
(iii) prejudicial conduct makes it impossible to proceed with the trial without manifest injustice to either the defendant or the state;
(iv) the jury is unable to agree upon a verdict; or
(v) false statements of a juror on voir dire prevent a fair trial.
¶14 Section 46-11-503, MCA, applies where jurisdiction and venue of the offenses lie in a single court, whereas § 46-11-504, MCA, bars a subsequent prosecution where the conduct constituting the offense is charged and resolved in any state or federal jurisdiction. Here, the jurisdiction and venue of O'Connell's offenses lie in a single court. Section 46-11-503, MCA, is therefore the more appropriate and specific statute to this case. O'Connell has consistently claimed that the City's subsequent prosecution for DUI violated her statutory protections against double jeopardy under Montana law. The City understood O'Connell's claim and responded to the merits of her argument accordingly. The District Court had full opportunity to address O'Connell's claims. Thus, the parties' failure to specifically refer to § 46-11-503, MCA, does not waive its consideration in this instance.
***185 ¶15 Although the parties devote considerable argument to whether the DUI and careless driving charges arose out of the "same transaction," that issue is not dispositive in this case. For purposes of this appeal, we assume the DUI and careless driving charges arose out of the same transaction. Section 46-11-503(1), MCA, requires this Court to preliminarily consider whether both offenses, careless driving and DUI, were supported by probable cause when the initial offense was resolved. O'Connell's careless driving charge was resolved when she pleaded guilty to the charge on June 9, 2016. If probable cause did not exist to charge the DUI offense by June 9, 2016, § 46-1-503, MCA, did not bar its subsequent prosecution, regardless of whether it arose out of the same transaction.
¶16 "Probable cause" is defined as "[a] reasonable ground to suspect that a person has committed or is committing a crime."
*322 Probable cause , Black's Law Dictionary (10th ed. 2009). Probable cause exists:
if the facts and circumstances within an officer's personal knowledge, or related to the officer by a reliable source, are sufficient to warrant a reasonable person to believe that another person is committing or has committed an offense." The probable cause determination must be based on an assessment of all relevant circumstances, evaluated in light of the knowledge of a trained law enforcement officer. Mere suspicion is not enough to establish probable cause.
City of Missoula v. Iosefo , 2014 MT 209, ¶ 10, 376 Mont. 161, 330 P.3d 1180 (internal citations omitted).
¶17 The stipulated facts regarding the accident on June 3, 2016, support that probable cause existed to charge O'Connell with careless driving, but do not support that probable cause existed to charge O'Connell with DUI. O'Connell agreed she caused a multiple-vehicle accident. She told Officer Kaleczyc her memory was unclear as to how she caused the accident. Upon investigation, Officer Kaleczyc determined that an accident occurred and that he had reasonable grounds to believe O'Connell caused the accident. He reasonably concluded that O'Connell failed to operate her truck in a safe and prudent manner and issued her a citation for careless driving in violation of § 61-8-302, MCA.
¶18 O'Connell advised Officer Kaleczyc she was prescribed medication for Lupus, depression, and difficulty sleeping. Officer Kaleczyc reported he observed no behaviors indicating O'Connell was under the influence of alcohol or drugs. Therefore, Officer Kaleczyc had no more than an unconfirmed suspicion that O'Connell potentially was under the ***186 influence of medication. Accordingly, he requested that O'Connell provide a blood sample.
¶19 On August 22, 2016, the City received the toxicology report on O'Connell's blood sample, revealing the presence of four medications in O'Connell's blood at the time of the accident. After examination of the toxicology report, the City established probable cause to charge O'Connell with DUI. Probable cause did not yet exist for the City to charge O'Connell with DUI on June 9, 2016, the day O'Connell's initial offense, careless driving, was resolved through her guilty plea and imposition of sentence. Therefore, § 46-11-503, MCA, did not bar the subsequent DUI charge from prosecution.
¶20 Although the District Court's determination upholding the Municipal Court's denial of O'Connell's motion to dismiss was not based on lack of probable cause to charge the DUI offense, we "will affirm the district court when it reaches the right result, even if it reaches the right result for the wrong reason." State v. Daffin , 2017 MT 76, ¶ 34, 387 Mont. 154, 392 P.3d 150.
CONCLUSION
¶21 Section 46-11-503, MCA, applies to this proceeding. As no probable cause existed to charge O'Connell with DUI before resolution of her careless driving charge, Montana's statutory protections against double jeopardy did not bar O'Connell's subsequent DUI charge.
¶22 Affirmed.
We concur:
MIKE McGRATH, C.J.
LAURIE McKINNON, J.
BETH BAKER, J.
JAMES JEREMIAH SHEA, J.
DIRK M. SANDEFUR, J.
DAN WILSON, J.
District Court Judge Dan Wilson sitting in for Justice Jim Rice