FILED

11/04/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0305

DA 19-0305

## IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 279

STATE OF MONTANA,

Plaintiff and Appellee,

v.

MICHAEL JOSEPH HOWARD,

Defendant and Appellant.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 10-419
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Samir F. Aarab, Boland Aarab, PLLP, Great Falls, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Stephanie Robles, Assistant
Attorney General, Helena, Montana

Kirsten H. Pabst, Missoula County Attorney, Jennifer Clark, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:   September 2, 2020

Decided:   November 4, 2020

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Michael Joseph Howard appeals the revocation of his suspended sentence by the Fourth Judicial District Court, Missoula County.  We affirm, and state the dispositive issue as follows:

> *Was the District Court's sentence revocation supported by sufficient evidence, particularly, that Howard had violated the conditions of supervision by engaging in a new criminal offense?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶2      In 2011, pursuant to a plea agreement, Howard pled guilty to Aggravated Assault, a felony, and Endangering the Welfare of a Child, a misdemeanor.  The District Court committed Howard to the Department of Corrections for fifteen years, with ten years suspended, for the felony assault, to be served concurrently with a six-month sentence to the county detention facility for the misdemeanor endangerment conviction.

¶3      Howard was initially placed at the Treasure State Correctional Training Center, and later moved to the Great Falls Transition Center, but following a facility revocation for program violations, he completed the unsuspended portion of his sentence at Montana State Prison.  Howard was released to serve the suspended portion of his sentence under supervision by the Missoula Probation and Parole in December 2015.  It was alleged that, in October 2017, Howard began an eight-month period in which he failed to update his address with the Sexual or Violent Offender Registry.

¶4      In April 2018, an informant turned over a phone to authorities, claiming it belonged to Howard and contained child pornography.  Detective Katie Peterson examined the contents of the phone and found what she described as photos of nude children posed in

2

"adult erotica" positions, which she concluded was "very clearly child pornography." Peterson obtained a search warrant for Howard's Google Photos account and, while waiting for a return on the warrant, interviewed Howard on May 15, 2018, during which Howard acknowledged that he "had some images on his Google Photos account."

¶5 On May 21, 2018, the Missoula County Attorney filed a petition for revocation of Howard's suspended sentence. The petition alleged that Howard had violated condition number eight of the Conditions on Probation or Parole, to act as a good citizen and comply with all laws and ordinances, in two ways: by failing to update his address with the Sexual or Violent Offender Registry (Count I); and by committing Sexual Abuse of Children (Count II). Howard denied both violations.

¶6 Howard was criminally charged with failing to register on the same day as the evidentiary hearing on the revocation petition, March 20, 2019. He had not yet been charged with sexual abuse of children, although an investigation was ongoing.[1] Detective Peterson, who had experience investigating crimes involving child pornography, was the only witness who testified. According to Peterson, Howard downplayed his foray into child pornography, describing it as "kind of 80s, B movie, erotic stuff" that resembled the work of controversial photographers Jock Sturgis and Sally Mann. However, Peterson conducted limited research and could not verify the images on Howard's phone came from

_____

[1] As explained by Howard, with docket citations, he was ultimately charged with sexual abuse of children on May 17, 2019, and thereafter entered a global plea agreement wherein he pled guilty to failure to register, and the sexual abuse charge was dismissed. At the close of evidence in the revocation hearing, the District Court took judicial notice, without objection, of the State's Motion and Affidavit for Leave to File Information regarding Howard's Failure to Register as a Sexual or Violent Offender. This was the only time during the evidentiary hearing that Howard's failure to register was addressed.

3

those photographers, believing the images on Howard's phone to be much more sexual, and not artistic, in nature. On cross-examination, Howard's attorney showed Peterson photographs from these photographers' portfolios, and Peterson opined that the photos were "not at all" similar to the ones found on Howard's phone, noting a "very, very clear age difference" as well as a difference in the backgrounds and poses. She noted the photographs on Howard's phone were "very crudely done" compared to those found in the portfolios, detailed the body figures and poses of the girls in those photographs, and estimated that the nude girls depicted therein to be nine to eleven years old. Because Peterson had determined the images on Howard's phone to be child pornography, they were considered contraband and copies were not introduced into the record.

¶7    The District Court found by a preponderance of the evidence that Howard had committed non-compliance violations of the probationary conditions of his sentence. Therefore, the Montana Incentives and Interventions Grid for Adult Probation & Parole was not applied. The District Court revoked Howard's suspended sentence and resentenced him. Howard appeals.

**STANDARD OF REVIEW**

¶8    The District Court's statutory interpretation is a question of law that we review for correctness. *State v. Oropeza*, 2020 MT 16, ¶ 14, 398 Mont. 379, 456 P.3d 1023 (citing *State v. Duong*, 2015 MT 70, ¶ 11, 378 Mont. 345, 343 P.3d 1218). Whether a district court was authorized to take a specific action is a question of law subject to de novo review. *State v. Graves*, 2015 MT 262, ¶ 12, 381 Mont. 37, 355 P.3d 769 (citing *State v. Stiffarm*, 2011 MT 9, ¶ 8, 359 Mont. 116, 250 P.3d 300).

¶9 We review a district court's decision to revoke a suspended sentence to determine whether a district court's "decision was supported by a preponderance of the evidence in favor of the State, and if so, whether the court abused its discretion." *Oropeza*, ¶ 14 (citing *State v. Goff*, 2011 MT 6, ¶ 13, 359 Mont. 107, 247 P.3d 715). A district court abuses its discretion when it "acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice." *State v. Burke*, 2005 MT 250, ¶ 11, 329 Mont. 1, 122 P.3d 427 (citing *State v. Weldele*, 2003 MT 117, ¶ 72, 315 Mont. 452, ¶ 72, 69 P.3d 1162).

## DISCUSSION

¶10 *Was the District Court's sentence revocation supported by sufficient evidence, particularly, that Howard had violated the conditions of supervision by engaging in a new criminal offense?*

¶11 In *Oropeza*, we discussed revisions to the sentence revocation process enacted by the Legislature in 2017, which "effectively bifurcated probation and parole condition violations into either compliance or non-compliance violations." *Oropeza*, ¶ 6 (citing § 46-18-203(7) through (12), MCA). Compliance violations "no longer result in automatic revocation[,]" and the offender is first subject to the appropriate response under the Montana Incentives and Intervention Grid (MIIG). *Oropeza*, ¶ 6. Non-compliance violations include "a new criminal offense, possession of a firearm, harassing a victim or someone close to the victim, absconding, and failure to complete sex offender treatment." *Oropeza*, ¶ 6 (citing § 46-18-203(11)(b)(i)-(v), MCA). Non-compliance violations are not subject to MIIG procedures and may be addressed directly through revocation proceedings. *Oropeza*, ¶ 7; § 46-18-203(7)(a), MCA. "At the hearing, the prosecution shall prove, by a

preponderance of the evidence, that there has been a violation" of a term or condition of the sentence. Section 46-18-203(6)(a), MCA. Here, the State contended that Howard had engaged in behavior constituting new criminal offenses, which are non-compliance violations.

¶12 Howard first argues proof was lacking that he engaged in a new criminal offense because "the petition to revoke was filed and the evidentiary hearing was conduct[ed] before Howard was charged with either new offense" of failure to register or sexual abuse of children, and that these offenses would be sufficient for revocation only "if they are charged and a conviction is obtained." Noting that the Legislature used the term "offense" rather than "conduct" within § 46-18-203(11)(b)(i), MCA (2017), Howard argues this Court needs to determine whether the statute now requires "strictly convictions" to permit revocation "for new criminal activity," or, at a minimum, introduction of sufficient evidence at the revocation hearing to establish "that he committed a new criminal offense." In response, the State acknowledges that "[a] court is required to determine, based on the evidence presented at the revocation hearing, whether the probationer has engaged in conduct that constitutes a new offense," but that a requirement of conviction would be contrary to the lesser burden of proof in a revocation proceeding, and "would also be impractical, given the significant delay that often occurs in criminal proceedings."

¶13 Howard's arguments largely fail to incorporate the fundamental nature of a revocation proceeding. "[A] probation violation proceeding is civil" and is based upon "later conduct that constitutes a violation of the conditions of a suspended sentence." *State v. Roberts*, 2010 MT 110, ¶ 13, 356 Mont. 290, 233 P.3d 324. "[R]evocation of a

suspended sentence indicates a determination by the court that the purposes of rehabilitation are not being served by the suspension. . . . The fact that the later charges were dropped after the revocation decision does not affect the character of the revocation hearing." *State v. Watts*, 221 Mont. 104, 107, 717 P.2d 24, 26 (1986) (affirming revocation of sentence where kidnapping and assault charges that formed the basis of the revocation petition were later dropped by the State). Thus, conduct by the respondent that supports a new criminal charge or offense can also form the basis of the revocation petition, which must be proven by a preponderance of the evidence to establish a violation, but which may be demonstrated even if the criminal charges are dismissed. This is not the same proof necessary to obtain a conviction of the offense. These principles were not revised by the 2017 legislation. *See Clark Fork Coal. v. Tubbs*, 2016 MT 229, ¶ 31, 384 Mont. 503, 380 P.3d 771 ("where a section of a statute has been amended but certain words have been left unchanged, we must accord the untouched provisions the meaning they had when they were originally incorporated into the statute").

¶14 Howard next argues that the State did not introduce sufficient evidence to establish that he had committed sexual abuse of children, and thereby violated the condition of his sentence requiring that he comply with all state laws. He notes the State did not introduce the photographs from his phone because they were considered contraband, and thus the District Court "was not able to decide for itself whether the photographs were pornographic or artistic in nature." Consequently, Howard asserts, "[t]he only evidence on which the district court could have based its decision to revoke [his] suspended sentence for

7

committing the new offense of sexual abuse of children was Detective Peterson's personal assessment that these photographs were pornographic and not artistic in nature."

¶15 Section 45-5-625(1)(e), MCA, provides that "[a] person commits the offense of sexual abuse of children if the person . . . knowingly possesses any visual or print medium, including a medium by use of electronic communication in which a child is engaged in sexual conduct, actual or simulated[.]" For purposes of the statute, sexual conduct is defined as any "depiction of a child in the nude or in a state of partial undress with the purpose to abuse, humiliate, harass, or degrade the child or to arouse or gratify the person's own sexual response or desire or the sexual response or desire of any person." Section 45-5-625(5)(b)(ii), MCA.

¶16 Detective Peterson, who had experience in the investigation of child pornography, provided detailed and explicit testimony about the photographs she had discovered on Howard's phone. She testified the photographs were of children between the ages of "nine and eleven," that they were posed in "adult erotica" positions meant for "clear exhibition of the genitals on the children," and that Howard admitted that he possessed and had accessed the photographs. Peterson related Howard's explanations about the photographs, such as his comment that he had "kept it pretty light as far as child pornography goes," and her strong contradiction to his expressed view that his photographs were similar to the photographs taken by the photographers whose work Howard said he admired. The District Court was able to witness Peterson's review of photographs from these artists' portfolios and hear her differentiation of their work from the photographs found on Howard's phone. We conclude there was sufficient evidence for the District Court to determine the State had

8

proven by a preponderance of the evidence that Howard had committed sexual abuse of children. The Rules of Evidence do not apply to revocation proceedings. *State v. Pedersen*, 2003 MT 315, ¶ 20, 318 Mont. 262, 80 P.3d 79 (citing *In re Meidinger*, 168 Mont. 7, 15, 539 P.2d 1185, 1190 (1975)). The proceeding was fundamentally fair, and the District Court did not abuse its discretion. *Peterson*, ¶ 20.

¶17 Because we conclude the District Court did not err by determining that Howard violated a sentencing condition by committing sexual abuse of children, we do not reach the asserted violation of failing to register. "A single violation of the terms and conditions of a sentence is sufficient to support a court's revocation of that sentence." *State v. Cook*, 2012 MT 34, ¶ 23, 364 Mont. 161, 272 P.3d 50 (citation omitted).[2]

¶18 Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON

---

[2] Howard also argues the District Court erred by stating in the written judgment that he had admitted to a probation violation, when he had not done so. We do not base our decision herein upon any admission by Howard that he violated any condition of his sentence.