FILED

12/31/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0543

DA 22-0543

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 324N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JUSTIN GUY ZENO SHAWN WOLF MASON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DC-21-32
Honorable Heather Perry, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Gregory D. Birdsong, Birdsong Law Office, Santa Fe, New Mexico

      For Appellee:

          Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant Attorney General, Helena, Montana

          Kent Sipe, Fergus County Attorney, Jean Adams, Deputy County Attorney, Lewistown, Montana

Submitted on Briefs:  November 20, 2024
Decided:  December 31, 2024

Filed:

                          _____
                              Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2   Justin Guy Zeno Shawn Wolf Mason (Mason) appeals the June 27, 2022, and July 27, 2022, Orders entered in the Tenth Judicial District Court, Fergus County, revoking his suspended sentence for felony Partner and Family Member Assault (PFMA), 3rd Offense, and resentencing him to Department of Corrections (DOC) custody for five years. Mason argues that the District Court erred by finding him in violation of the terms and conditions of his probation, by denying his motion to introduce video evidence from a security guard's body camera, and by revoking his suspended sentence.  We affirm.

¶3   On December 3, 2021, Mason pleaded guilty to felony PFMA, in violation of § 45-5-206(1)(a), MCA; misdemeanor Unlawful Restraint, in violation of § 45-5-301, MCA; and misdemeanor Resisting Arrest, in violation of § 45-7-301, MCA.  The court issued its sentencing order on December 10, 2021.  For PFMA, the District Court imposed a suspended five-year sentence to the DOC with probationary conditions including, relevant here, the conditions that Mason comply with all laws and ordinances and that Mason remain in contact with probation and parole.  For Unlawful Restraint, the District Court imposed a six-month suspended jail sentence to the Fergus County Jail.  For

2

Resisting Arrest, the District Court imposed a 6-month suspended jail sentence to the Fergus County Jail. Mason was to serve his sentences for the misdemeanors concurrently to his PFMA sentence. The court credited him with 213 days of jail time served.

¶4 Mason claimed the plea agreement was further conditioned on him leaving Fergus County within 14 days. Officer Gatlin Lamb (Lamb), Mason's Lewistown-based Probation and Parole Officer, believed this, too. While the December 10, 2021, judgment does not contain such a condition, Mason's plea agreement incorporated by reference a pre-trial diversion agreement he had made with Fergus County Prosecutors in a separate prosecution for Bail Jumping. According to testimony from Mason and Lamb at the June 22, 2022, hearing on the State's petition to revoke, both understood that Mason needed to leave Fergus County but that this condition was illegal for the State to impose. Fergus County Prosecutors acknowledged the banishment condition, clarifying for the court in the same hearing that "the banishment provision is actually not part of this case it's part of [Mason's] pretrial diversion agreement in a different case in this jurisdiction and that's a contract between the county attorney's office and the defendant."

¶5 After the court entered the original sentence, Mason met with Lamb to agree to "standard conditions." Mason and Lamb resolved to have a follow-up meeting to plan for Mason's travel, continued supervision by the State, and his compliance with the other conditions of his sentence. Mason did not show up to that meeting and Lamb was unable to contact him. Mason had contact with Lewistown police who instructed Mason report to Probation and Parole on December 23, 2022. Mason did not appear. During this time,

Mason was only able to use his cell phone when connected to Wi-Fi. Further attempts by Lamb to contact Mason failed.

¶6 Mason hoped to reach Missoula, but the record is unclear as to when Mason left Lewistown and Mason endured several setbacks in securing transportation. One attempt to leave failed when the friend who was to drive Mason was charged with Driving Under the Influence. Mason obtained a ticket for a bus departing from Great Falls. Another friend drove him to Great Falls and the bus transported him to Butte. After spending December 23 until approximately December 28, 2021, on the streets of Butte, Mason contacted Lamb from a gas station in Rocker. Despite Mason's lack of a travel permit, Lamb "gave him the benefit of the doubt" and emailed transfer paperwork to Missoula Probation and Parole. From Rocker, Mason hitchhiked to Deer Lodge and then again from Deer Lodge to Missoula.

¶7 Once he arrived in Missoula, Mason called Lamb and explained that he was staying at the Poverello Center. Mason contacted Lamb again after finding employment with a temporary staffing agency. Mason had no other contact with Lamb once he arrived in Missoula. Mason never reported to Missoula Probation and Parole and, instead, waited for the office to contact him. On January 22, 2022, Mason had contact with law enforcement officers who instructed him to report to the Missoula Probation and Parole office by January 24, 2022. Mason did not report.

¶8 On January 25, 2022, Mason was involved in an altercation with a security guard at the Poverello Center, resulting in criminal charges against Mason for misdemeanor assault.

4

Based on these new charges and Mason's failure to report, Lamb submitted a Report of Violation on February 15, 2022. On February 23, 2022, the State petitioned to revoke Mason's suspended sentence in Fergus County alleging two counts of violating the terms of the suspended sentence: (1) Mason had failed to report to probation and parole and (2) Mason had failed to obey all laws.

¶9 During the June 22, 2022, disposition hearing on the State's petition to revoke, Lamb testified to his difficulties in contacting Mason and Mason's inability to report to Probation and Parole, in both Lewistown and Missoula. The State presented evidence of Mason's assault charge from Missoula Municipal Court, with no objection from Mason. Mason moved to admit the footage from the Poverello Center security guard's body camera, but the District Court sustained the State's objection for lack of relevancy and the incompleteness of the recording. On direct examination by his attorney, Mason described the contents of the excluded body camera footage as showing him either "hit[ting] [the security guard] open handed or closed handed on the chest." On cross examination, Mason admitted to being charged with the additional offense in Missoula.

¶10 The District Court found that Mason had violated the terms and conditions of his sentence by failing to report to Probation and Parole and for the additional assault charge. On July 27, 2022, the court reimposed a five-year sentence to the DOC and credited Mason for 370 days of jail time served.

¶11 Mason now challenges the revocation of his suspended sentence, raising the following issues on appeal: (1) whether the State demonstrated by a preponderance of the

evidence that Mason had violated the conditions of his suspended sentence; (2) whether the District Court erred by denying Mason's motion to admit the Poverello security guard's body camera footage; and (3) whether the District Court committed plain error by revoking Mason's suspended sentence.

¶12 We review a district court's decision to revoke a suspended sentence to determine whether it was supported by a preponderance of the evidence in favor of the State, and if so, whether the court abused its discretion. *State v. Howard*, 2020 MT 279, ¶ 9, 475 P.3d 392, 402 Mont. 54 (quotation omitted). A district court abuses its discretion when it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Howard*, ¶ 9 (quotation omitted).

¶13 A revocation proceeding is a civil proceeding, rather than a criminal trial, based upon later conduct constituting a violation of the conditions of a suspended sentence. S*tate v. Roberts*, 2010 MT 110, ¶ 13, 356 Mont. 290, 233 P.3d 324 (citations omitted). A conviction of a subsequent offense is not required; conduct by the offender that supports a new criminal charge or offense can form the basis of the revocation petition. *Howard*, ¶ 13. To revoke a sentence, the State must prove by a preponderance of the evidence that there has been a violation of the terms and conditions of the suspended sentence. Section 46-18-203(6)(a)(i), MCA. "Reports of violations are properly used as evidence in revocation proceedings" and do not violate the right to confront witnesses where due process requirements consist of:

6

> Written notice of the violations; disclosure of evidence against the probationer; opportunity to be heard in person and to present evidence and witnesses; a neutral tribunal; a written statement by the factfinder as to the evidence relied on and reasons for revocation; the right to cross-examine witnesses unless the hearing body finds good cause of disallowing confrontation; and the right to counsel.

*State v. Fetveit*, 2020 MT 264, ¶ 14, 401 Mont. 538, 474 P.3d 811 (citation omitted).

¶14 Here, the record indicates that the State demonstrated by a preponderance of the evidence Mason had violated the condition of his suspended sentence that he obey all laws when he was charged with misdemeanor assault in Missoula. Lamb's Report of Violation alleged that Mason had failed to comply with all laws and the State then presented evidence that Mason had been charged with assault in Missoula by admitting the Missoula Municipal Court record. Further, Mason testified on the stand that he made physical contact with Poverello Center Security Guards. Mason raises no due process issues with the presentation of this evidence. Thus, we conclude that the State proved Mason violated the conditions of his suspended sentence when it presented evidence that Mason had assaulted a security officer at the Poverello Center. Because "a single violation of the terms and conditions of a sentence is sufficient to support a court's revocation of that sentence," we need not address the District Court's other conclusion concerning Mason's failure to report to Probation and Parole. *State v. Cook*, 2012 MT 34, ¶ 23, 364 Mont. 161, 272 P.3d 50 (citation omitted).

¶15 We turn next to Mason's argument that the District Court abused its discretion by refusing to admit the body camera footage. "A cause may not be reversed by reason of any

error committed by the trial court against the convicted person unless the record shows that the error was prejudicial." Section 46-20-701(1), MCA. Here, the exclusion of the body camera footage was not prejudicial to Mason. Mason's testimony regarding the incident established conduct meriting revocation. Mason has failed to demonstrate that any error the District Court may have made regarding admission of the video was prejudicial.

¶16 Mason also contends the District Court committed plain error by revoking his suspended sentence. This Court will exercise plain error review only under extraordinary circumstances. *State v. Trujillo*, 2020 MT 128, ¶ 6, 400 Mont. 124, 464 P.3d 72 (citation omitted). "Mere assertion that an asserted error implicates a constitutional right or that a manifest miscarriage of justice will result absent review is insufficient—appellant must demonstrate the criteria for plain error review." *Trujillo*, ¶ 6 (citation omitted).

¶17 Here, Mason argues that the banishment provision of his original sentence is illegal. We have previously found that a condition of probation which banished a defendant from Cascade County was "not reasonably related to the goals of rehabilitation and [was] broader than necessary to protect the victim." *State v. Muhammad*, 2002 MT 47, ¶ 28, 309 Mont. 1, 43 P.3d 318. However, the condition that Mason leave Lewistown within 14 days was imposed as part of pre-trial diversion in another criminal proceeding not before us in the instant case. While the plea agreement incorporated the prior pretrial diversion agreement, the original sentencing order accepted that agreement, and the State admitted that such a condition exists, the actual terms of the agreement were never entered into the record. Crucially, whether Mason complied with a condition that he leave Lewistown is

not one of the conditions he was subsequently accused of violating. Because the revocation proceedings complied with the due process requirements noted above and were fundamentally fair, we decline to exercise plain error review.

¶18 Ultimately, the State met its evidentiary burden by proving Mason had violated the conditions of his suspended sentence; Mason has failed to demonstrate the District Court's refusal to admit the video was prejudicial; and the District Court did not commit plain error by revoking Mason's suspended sentence. Accordingly, the revocation of Mason's suspended sentence is affirmed.

¶19 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶20 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ INGRID GUSTAFSON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE