FILED

02/18/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0575

OP 24-0575

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 37

BILL B. BOKMA,

      Petitioner,

  v.

BOB OLSON, PROGRAM ADMINISTRATOR,
S.T.A.R.T.,

      Respondent.

ORIGINAL PROCEEDING:    Petition for Writ of Habeas Corpus
                              In and For the County of Cascade, Cause No.
                              ADC-20-773
                              Honorable David J. Grubich, Presiding Judge

COUNSEL OF RECORD:

      For Petitioner:

            Bill B. Bokma, Self-Represented, Helena, Montana

      For Respondent:

            Austin Knudsen, Montana Attorney General, Katie F. Schulz,
            Assistant Attorney General, Helena, Montana

                                 Decided:  February 18, 2025

Filed:

                                   _____
                                          Clerk

Justice Laurie McKinnon delivered the Opinion and Order of the Court.

¶1      Self-represented Petitioner Bill B. Bokma has filed a Petition for Writ of Habeas Corpus, requesting additional credit for jail time and elapsed time. He does not include any additional documents. In compliance with this Court's Order, the State responds that Bokma is due additional jail time credit and that his other claims lack merit.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2      We summarize Bokma's background here. After his December 2020 arrest for felony driving under the influence of alcohol, Bokma was released on the condition that he abstain from alcohol, which he failed to do. Bokma was arrested again. The State and Bokma entered into a plea agreement where the State agreed to alternative sentences, contingent upon Bokma's acceptance into the Eighth Judicial District Adult Drug Treatment Court Program (ADTC). The alternative sentences included a three-year suspended commitment to the Department of Corrections (DOC) upon acceptance into ADTC, or a thirteen-month DOC commitment followed by a three-year, suspended term, if not accepted into ADTC. Bokma pleaded guilty, and the ADTC accepted him.

¶3      On October 13, 2021, the District Court sentenced Bokma to the DOC with all time suspended on the condition that the Defendant enter and successfully complete ADTC. The court awarded twenty days of credit for time served. Bokma entered ADTC but violated the treatment court's conditions in his first month. On November 16, 2021, Bokma's Probation Officer submitted a report of violation (ROV), requesting Bokma's termination from ADTC. At that time, Bokma's Probation Officer determined the violation was for non-compliance and that Bokma would not be entitled to any elapsed time credit.

2

The State petitioned the court to terminate Bokma from the ADTC and to revoke his suspended sentence.

¶4 The District Court held a hearing on December 22, 2021, to address Bokma's termination from the ADTC for his multiple violations. However, the State subsequently filed a motion to dismiss the request for his termination because Bokma had begun to engage in the treatment program. The court dismissed the State's petition without prejudice on January 14, 2022.

¶5 On November 16, 2022, the State again sought to terminate Bokma's participation in treatment court because of his repeated violations beginning in March 2022.[1] His Probation Officer asserted both non-compliance and compliance violations in the ROV. The District Court held a hearing on February 7, 2023, and Bokma stipulated that he was unable to complete ADTC.

¶6 The State sought to revoke his suspended sentence. After several continuances, the District Court held a revocation hearing on July 19, 2023, where Bokma appeared with counsel. The District Court determined that Bokma committed a non-compliance violation because he failed to complete ADTC and committed him to the DOC for a three-year term, awarding twenty-seven days of jail time credit and eight days of elapsed time credit.[2]

¶7 In his Petition, Bokma maintains he was originally sentenced on October 13, 2021, to a suspended, three-year term with the DOC. The court revoked his sentence on July 19,

---

[1] The State offers that Bokma complied with his treatment court conditions in July 2022 only.

[2] Bokma appealed his sentence to this Court but later moved for dismissal, which we granted. *State v. Bokma*, No. DA 23-0474, Order (Mont. Sept. 27, 2023).

3

2023, and he received a three-year DOC term, with twenty-seven days of credit for time served and eight days of street time. He maintains, however, that the court did not give him credit for time between October 31, 2021, and February 7, 2023, despite having been compliant with the terms of his probation. Bokma filed an Amendment with this Court on October 21, 2024, reiterating his same claims.

¶8      Upon review of Bokma's Petition, several questions arose, and this Court deemed it necessary to have the State respond. We requested the State address the following issues in its response: (1) whether Bokma was originally sentenced under § 61-8-741, MCA; (2) how does the repeal of this statute affect elapsed time credit; and (3) whether Bokma is entitled to the application of the Montana Incentives and Interventions Grid (MIIG) prior to revocation? *See* § 46-23-1015, MCA.

¶9      The State maintains that Bokma was not sentenced pursuant to § 61-8-741, MCA, because Bokma's plea agreement had a penalty of thirteen months to the DOC followed by a suspended period of commitment. This penalty identified in Bokma's plea agreement indicated to the State that he was sentenced pursuant to §§ 61-8-731(1)(b), and -731(1)(c), MCA (2019), which the State notes the Montana Legislature renumbered in 2021 to §§ 61-8-1008(1)(a)(i), and -1008(1)(a)(ii), MCA. 2021 Mont. Laws Ch. 498, § 4 and 2021 Mont. Laws Ch. 473, § 2. The State concludes that the statute's repeal does not affect elapsed time credit here. We agree.

¶10      The remaining issue is whether a defendant who is terminated from treatment court for failure to abide by its conditions is nevertheless entitled to have the MIIG applied to his revocation. Here, the State acknowledges that a non-compliance violation does not include

4

failure to complete treatment court and, therefore, the District Court erred in concluding Bokma had a non-compliance violation. However, the State argues it was harmless error because "the very nature of treatment courts mirrors the rehabilitative intent behind the MIIG." *See* § 46-18-203(11)(b), MCA (2021) and § 46-20-701(2), MCA (2021). The State further concludes that Bokma's revocation was proper given his repeated violations and his failure to complete ADTC as part of his original sentence. The State observes that Bokma's successful completion of ADTC was a predicate condition for the court to suspend his sentence, not a standard condition of probation. The State also maintains that Bokma is precluded from challenging his sentence upon revocation through a petition for habeas corpus relief, pursuant to § 46-22-101(2), MCA, and that he did not pursue an appeal of the sentence upon revocation after filing his notice in 2023. Section 46-22-101(2), MCA.

**STANDARD OF REVIEW**

¶11 "The Montana Constitution provides in Article II, Section 19, that '[t]he privilege of the writ of habeas corpus shall never be suspended.'" *Lott v. State*, 2006 MT 279, ¶ 21, 334 Mont. 270, 150 P.3d 337. In 2006, while acknowledging that the scope and availability of postconviction relief had been limited by the Montana Legislature's action in 1967, we concluded, however, "that, as applied to a facially invalid sentence--a sentence which, as a matter of law, the court had no authority to impose--the procedural bar created by § 46-22-101(2), MCA, unconstitutionally suspends the writ." *Lott*, ¶ 22. A district court has statutory authority to revoke a suspended sentence following a "filing of a petition for revocation showing probable cause that the offender has violated any condition of a

5

sentence[.]" Section 46-18-203(1), MCA. This Court reviews a district court's decision to revoke a suspended sentence, determining whether a court abuses its discretion when it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *State v. Howard*, 2020 MT 279, ¶ 9, 402 Mont. 54, 475 P.3d 392 (citations omitted).

## DISCUSSION

¶12 Addressing first whether Bokma received adequate custodial credit and/or elapsed time credit, such a claim may be raised and considered in a habeas corpus proceeding. The denial of credit for time served or elapsed time when a defendant is entitled to credit creates a facially invalid sentence which we may review in a habeas corpus proceeding. *See LaForge v. Godfrey*, No. OP 24-0495, 2024 Mont. LEXIS 1146, Order (Oct. 17, 2024); *Miller v. State & MASC*, No. OP 23-0653, 2023 Mont. LEXIS 1163, Order (Nov. 21, 2023); and *Rood v. Laughlin*, No. OP 20-0553, 2021 Mont. LEXIS 418, Order (May 4, 2021). Here, the State submits that Bokma is entitled to forty-nine days of jail time credit.[3] The State notes that he received twenty-seven days when his sentence was revoked and that he is also due twenty days from January 30 to February 18, 2021, in his original sentence. The State adds that he served one day in jail on November 3, 2021, according to the November 26, 2021 ROV. The State concludes Bokma is entitled to an additional twenty-two days. We agree. Accordingly, Bokma's sentence will be credited for forty-nine days.

---

[3] We reach a total of forty-eight days, based on the State's numbers from the record.

¶13 Finally, owing to the District Court's error in concluding that failure to complete treatment court constitutes a non-compliance violation, and it having been well-briefed by the State, we will address the interplay between the MIIG and treatment court. Montana law provides for two types of violations—compliance and non-compliance. Section 46-18-203(11)(b)(2021), MCA.[4] The more serious non-compliance violations do not require proof of unsuccessful rehabilitative efforts to revoke a probationer's sentence. Non-compliance violations are not subject to MIIG procedures under statute "and may be addressed directly through revocation proceedings." *Howard*, ¶ 11 (citing *State v. Oropeza*, 2020 MT 16, ¶ 7, 398 Mont. 379, 456 P.3d 1023 and § 46-18-203(7)(a), MCA). "Non-compliance violations include 'a new criminal offense, possession of a firearm, harassing a victim or someone close to the victim, absconding, and failure to complete sex offender treatment.'" *Howard*, ¶ 11 (citing *Oropeza*, ¶ 6 and [] § 46-18-203(11)(b)(i)-(v), MCA). Compliance violations are violations of a person's probationary sentence, which are not non-compliance violations. Section 46-18-203(11)(b), MCA. We thus agree with the State that the District Court erred in determining Bokma's failure to complete ADTC was a non-compliance violation, given that it is not defined as such under the statute. *See, e.g.*, §§ 46-18-203(11)(b)(i)-(v), and 46-23-1001(3)(a)-(e), MCA.

¶14 Bokma's participation in ADTC was a predicate condition for suspending his sentence, not a standard condition of probation. However, the record clearly establishes that the ADTC conditions were nearly identical to conditions of probation and, thus,

---

[4] The 2021 version of § 46-18-203, MCA, applied to Bokma's July 2023 revocation proceeding.

Bokma's failure to follow ADTC rules also constituted compliance violations of his sentence. Here, the District Court reviewed Bokma's history in ADTC and the ROVs. It determined that Bokma had been unsuccessful in treatment court, which required the same conditions as probation. As the State maintains, and we agree, the nature of the rehabilitative purpose behind treatment court is the same as the intent behind the MIIG. Accordingly, if a court determines a defendant's sentence should be revoked after a review of the record because sufficient, yet unsuccessful, intervention procedures were implemented through treatment court (which in many instances constitute a violation of a suspended sentence), then the revocation and disposition would be correct, although entered pursuant to the wrong type of violation. This Court may affirm the district court's order of revocation because it reached the right result albeit for the wrong reason. *City of Helena v. O'Connell*, 2019 MT 69, ¶ 20, 395 Mont. 179, 438 P.3d 318.

**CONCLUSION**

¶15 Bokma has demonstrated a facially invalid sentence. Section 46-22-101(1), MCA. We remand this matter to the Cascade County District Court for amendment of its July 28, 2023 Evidentiary and Dispositional Order to credit Bokma with an additional twenty-two days. *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087. Although the District Court erred in concluding Bokma had a non-compliance violation, Bokma's violation was not improper because rehabilitative efforts were exhausted through ADTC and Bokma was not receptive to rehabilitation. Therefore,

¶16 IT IS ORDERED that:

    1. Bokma's Petition for Writ of Habeas Corpus is GRANTED in part and Bokma's

8

underlying criminal matter, Cause No. ADC-20-773, is REMANDED to the Eighth Judicial District Court, Cascade County, to AMEND its Order to include credit for time served of forty-nine days, as noted above;

2. Bokma's Petition for Writ of Habeas Corpus and Amendment concerning his other claims are DENIED; and

3. this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to: the Honorable David J. Grubich, District Court Judge; Tina Henry, Clerk of District Court, under Cause No. ADC-20-773 and for distribution to counsel of record there; counsel of record; and Bill B. Bokma.

DATED this 18th day of February, 2025.

/S/ LAURIE McKINNON

We Concur:

/S/ KATHERINE M BIDEGARAY
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE